**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KATRINA T. ROBINSON,** | ) | **CASE NO. 1: 19 CV 1357** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | <u>**OPINION AND ORDER**</u> |
| **CLEVELAND STATE** | ) | |
| **UNIVERSITY,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

### Introduction

On June 12, 2019, *Pro Se* Plaintiff Katrina T. Robinson filed an *In Forma Pauperis* Complaint in this matter seeking damages against Cleveland State University (CSU) and Communications Workers of America District 4309 (CWA). (Doc. No. 1.) Her Complaint alleges federal claims for constitutional rights violations under 42 U.S.C. § 1983, violations of the Americans with Disabilities Act (the ADA), and "Retaliation," as well as state-law claims.

(Doc. No. 1 at 3-5, ¶¶ 10-24.) On October 2, 2019, the Plaintiff filed a Motion for Leave to File an Amended Complaint supplementing her original pleading. (Doc. No. 4.) That Motion is granted.

The case is now before the Court for initial screening under 28 U.S.C. § 1915(e)(2)(B), which expressly requires federal district courts to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service and such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Upon review, the Court finds that the Plaintiff's action must be dismissed under § 1915(e)(2)(B) for failure to state any plausible federal claim.

**Discussion**

Although the Court is able to determine from the Plaintiff's pleadings that her action pertains to the termination of employment at CSU in its Department of Treasury Services, neither her Complaint, nor her Amended Complaint, sets forth clear factual allegations. She asserts that CSU unlawfully prohibited her from scheduling time off of work "to seek medical attention" in March 2017, and that it retaliated against her in October 2018 by wrongfully terminating her employment and disputing her right to receive Ohio Unemployment Compensation Benefits. (Doc. No. 1 at 2, ¶¶ 3-4.) She appears to contends CWU wrongfully failed to represent her in connection with her termination on the basis of unlawful discrimination. (*Id*. at 2, ¶ 7.)

The Plaintiff, however, has not alleged cogent facts supporting her assertions or claims. Instead, both of her pleadings consist of unclear and conclusory assertions and legal

statements, and list grievances she has apparently filed with the Equal Employment Opportunity Commission and other agencies. (*See* Doc. No. 1 at 2-3, ¶¶ 5-9; Doc. No. 4. at 4.) In purely conclusory terms, she alleges she was unlawfully discriminated against on the basis of "race, gender, color, disability, retaliation, equal pay compensation, and social class," and that there was "unfair bias, micro-inequities and intangible reports of disparate treatment by CSU administrative professionals and CWA." (Doc. No. 4 at 2.)

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). In order to survive a dismissal for failure to state a claim under 28 U.S.C. § 1983, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The Plaintiff's allegations, even liberally construed, fail to meet these standards or suggest any plausible federal claim above a speculative level.

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee on the basis of the employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e 2(a)(1). "[A] union's breach of the duty of fair representation also subjects it to liability under Title VII if the breach can be shown to be because of the complainant's race, color, religion, sex, or national origin." *Farmer v. ARA Serv., Inc.*, 660 F.2d 1096, 1104 (6th Cir. 1981). To allege a *prima facie* case of discrimination under Title VII, however, a plaintiff must allege facts sufficient to demonstrate that she is a member of a protected class, was qualified for the job, suffered an adverse employment decision; and was replaced by a person outside the protected class or was treated differently than similarly situated non-protected employees. *Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001). The Plaintiff has alleged no facts whatsoever, in either of her pleadings, plausibly suggesting that CSU or CWU took any action with respect to her because of a characteristic protected under Title VII. Her assertions that she has been discriminated against on the basis of "race, gender, color, disability, retaliation, equal pay compensation, and social class" are purely conclusory. "[C]onclusory allegations of discriminatory intent without supporting factual allegations" are insufficient to show entitlement to relief for unlawful discrimination. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012).

Likewise, the Plaintiff has failed to allege facts sufficient to suggest a plausible violation of the ADA. "To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show (1) that she or he is an individual with a disability, (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation; and (3) who was discriminated against solely because of the disability." *Talley v. Family Dollar*

*Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008) (citing *Mahon v. Crowell*, 295 F.3d 585, 589 (6th Cir. 2002)). The Plaintiff has not alleged facts sufficient to meet these requirements. Her allegations are insufficient to support plausible inferences that she is a qualified individual with a disability within the meaning of the ADA, or that she suffered an adverse employment action "because of" such disability.

Nor are the Plaintiff's pleadings sufficient to suggest a plausible claim of Retaliation. Although she contends the Defendants took actions that were adverse to her, she has not alleged cogent facts supporting plausible inferences that they did so because he she filed grievances, or otherwise engaged in protected conduct. "[C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state . . . a claim." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).

Finally, the Plaintiff has no cognizable claims against CSU or CWU under § 1983. "[P]ublic-funded universities" such as CSU are not considered "persons" subject to suit under § 1983. *Underfer v. University of Toledo*, 36 F. App'x 831, 834 (6th Cir. 2002). Nor are labor unions generally considered state actors. *See Moore v. Int'l Bhd. of Elec. Workers Local 8*, 76 F. App'x 82, 83 (6th Cir. 2003) (affirming district court's decision that none the defendants, including the International Brotherhood of Electrical Workers union, were state actors for purposes of § 1983).

In sum, for all of the foregoing reasons, the Plaintiff's pleadings are insufficient to allege any plausible federal claim against the Defendants on which she may be granted relief.

## Conclusion

Accordingly, the Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is

granted, and her federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this dismissal, the Court declines to exercise jurisdiction over the Plaintiff's remaining state-law claims, which are better resolved by the Ohio courts. *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."). The Plaintiff's state-law claims will be dismissed without prejudice. The Plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is denied as moot.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                          s/ Christopher A. Boyko
                                    **CHRISTOPHER A. BOYKO**
                                    **United States District Judge**

**Dated:** November 6, 2019